FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 25, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-CR-0124-SMJ-1 |
| Plaintiff, | |
| v. | **SEVENTH PRETRIAL ORDER** |
| JAMES TERRY HENRIKSON, | |
| Defendant. | |

A pretrial conference occurred in the above-captioned matter on December 18, 2015. Assistant U.S. Attorneys Aine Ahmed and Scott Jones appeared on behalf of the U.S. Attorney's Office (USAO). Defendant Henrikson appeared in the custody of the U.S. Marshals. Mark Vovos and Todd Maybrown appeared on behalf of the Defendant. This Order memorializes and supplements the Court's oral rulings.

**A. USAO's Motion to Admit Evidence re Escape Attempt, ECF No. 464**

At oral argument, the USAO withdrew this motion. Accordingly, it is denied as moot.

//

//

ORDER - 1

### B. Henrikson's Supplemental Motion in Limine, ECF No. 511

Defendant Henrikson moves the Court for an order: (a) excluding any references to his guilty plea, (b) excluding all testimony about his refusal to consent to a warrantless search of his home and failure to cooperate with law enforcement, (c) scheduling a firm date for the Government to produce discovery related to Agent Banks' testimony, (d) precluding or limiting the testimony of George Dennis and Sarah Creveling, (e) precluding all references to Henrikson's custodial status, (f) excluding all hearsay statements of co-defendants, and (g) prohibiting the Government from vouching for witness credibility.

a. <u>Exclude any references to Henrikson's guilty plea</u>

Because the Government does not oppose this request, the Court grants this request and excludes all references to Defendant Henrikson's now-withdrawn plea.

b. <u>Exclude testimony about Henrikson's refusal to consent to search of property and failure to cooperate</u>

Defendant Henrikson asks the Court to exclude any testimony about his refusal to consent to a search of his property and his failure to cooperate with the police. Specifically, Defendant Henrikson refers to a particular statement that he allegedly made not to let the police into his house.

> Early January 2014, after Spokane Police officers came to their residence and found Robin Benson and Robert Delao present, Ms. Benson telephoned Ms. Creveling and informed her police were in the house. Ms. Creveling told Mr. Henrikson that they should return to the

ORDER - 2

>residence. Mr. Henrikson stated…*"Don't let them in the house. Don't talk to them."* According to Creveling, Henrikson was saying this loud enough so Benson could hear.

ECF No. 357 at 2 (emphasis added).

According to Defendant Henrikson, the alleged fact that he told Benson not to let the police in his house should be excluded because it is the passive refusal to consent to a warrantless search which is privileged conduct that cannot be considered evidence of criminal wrongdoing. *See U.S. v. Prescott,* 581 F.2d 1343, 1351 (9th Cir. 1978). The Government withdrew its request to admit this statement in its response and at oral argument. Accordingly, the Defendant's request is denied as moot.

In the Government's response, it indicated that it would call Detective Burbridge to testify that, on or around the same day, he met Henrikson at his front door and had the following interaction:

>On or around the same day, Detective Mark Burbridge encountered HENRIKSON at the front door of the HENRIKSON residence. HENRIKSON slapped Burbridge on the shoulder and said, antagonistically and sarcastically, "Sorry you came all this way for nothing!" (presumably referring to the more than twelve-hour drive from Spokane).

ECF No. 537 at 2. At oral argument, the Defendant questioned the relevance of this statement and argued that it is substantially more prejudicial than probative. The Government clarified that it will seek to introduce sworn affidavits from various people stating that Henrikson told them that he was cooperating with the police, and

ORDER - 3

that Henrikson's statement to Detective Burbridge shows that he was not. According to the Government, this is relevant to consciousness of guilt.

The Government has cited no authority, and the Court has found none, where a court permitted the Government to present evidence that the defendant told people he cooperated with law enforcement just to present more evidence that he did not. This statement is excluded. Should the Government locate any such authority, it is free to move the Court for reconsideration.

      c. <u>Schedule a firm date for discovery related to Banks testimony</u>

The Government assures the Court that, per the terms of a protective order discussed below, all information regarding Agent Banks' testimony is available to defense counsel. Accordingly, this request is denied as moot.

      d. <u>Preclude or limit testimony of Dennis and Creveling</u>

Defendant Henrikson asks the Court to preclude or limit the testimony of George Dennis and Sarah Creveling on two grounds: (1) both witnesses are likely to invoke their Fifth Amendment right to silence, unfairly prejudicing the Defendant and (2) both witnesses are likely to present false testimony at trial, as demonstrated by previous false statements they have made to law enforcement.

The USAO responds that it intends to immunize both witnesses, so they will be unable to validly invoke their right to remain silent. And the USAO notes that the Defendant's second argument for precluding or limiting the witness'

testimony—that the witnesses have made prior false statements—is meritless. The Court agrees. The Defendant has presented no authority, and the Court can find none, that justifies precluding or limiting a witness' testimony because of a prior false statement. This request is denied.

### e. Preclude all references to Henrikson's custodial status

The Government does not oppose an order precluding all references to Henrikson's custodial status. Accordingly, the Court grants the Defendant's request and excludes all references to Henrikson's custodial status.

### f. Exclude all hearsay statements of co-defendants

Defendant Henrikson asks the Court to exclude all hearsay statements of co-defendants. This is not a proper subject of a motion in limine. As the USAO responded, every out-of-court statement offered at trial will be subject to a hearsay inquiry. If it is hearsay that does not fall under a hearsay exception, it will not be admitted. Defendant's request to exclude all hearsay statements of co-defendants is denied.

### g. Prohibit the Government from vouching for its witnesses' credibility

Henrikson asks the Court to prohibit the Government from vouching for its witnesses' credibility. The Government is already prohibited by law from vouching for its witnesses' credibility. This request is denied.

//

ORDER **-** 5

**C. Henrikson's Motion in Limine re Plea, ECF No. 513**

Defendant Henrikson asks the Court to "prohibit any statement of James Henrikson at his plea hearing, in addition to any reference to the plea proceedings by counsel or any of their witnesses, and for a specific order directed to every government witness that they shall not mention or refer to Mr. Henrikson's prior plea in federal court." ECF No. 513 at 1-2. The USAO does not oppose this motion. This motion is granted.

**D. Henrikson's Motion to Compel Discovery, ECF No. 514**

Defendant Henrikson asks the Court for an order compelling the USAO to turn over phone records for a number of people involved in this case. The Government responded that these issues were resolved at a discovery conference held December 1, 2015. At oral argument the USAO indicated that it is not opposed to the Court granting this motion. Accordingly, the Defendant's motion is granted.

**E. Henrikson's Motion to Compel Addresses of Witnesses, ECF No. 516 & Henrikson's Motion to Compel the Government to Disclose Current Witness List, ECF No. 518**

At oral argument, the parties told the Court that they had come to an agreement on both motions.

As to Henrikson's Motion to Compel Addresses of Witnesses, Defendant Henrikson will provide a list of witnesses whose addresses he does not have to the

ORDER **-** 6

1  U.S. Attorneys and, if the U.S. Attorneys have any of the addresses in question, the
2  U.S. Attorneys will provide them directly to the U.S. Marshals for the subpoena.
3  As to Henrikson's Motion to Compel the Government to Disclose a Current
4  Witness List, the Government filed a Fourth Amended Witness List on January 7,
5  2016.  ECF No. 597.
6  Because these motions are no longer in dispute, they are denied as moot.

7  **F. Henrikson's Motion to Amend Witness List, ECF No. 520**

8  Defendant Henrikson asks that he be allowed to amend his witness list to add
9  9 witnesses.  At oral argument, the USAO responded that it has no objection to the
10 addition of these witnesses.  The USAO asks that defense counsel provide it with a
11 summary of these witnesses' testimony.

12 The Court notes that the usual deadline for good faith amendments to a
13 party's witness list is 10 days before trial, which in this case is January 15, 2016.

14 Defendant Henrikson's motion to amend his witness list is granted.  Defense
15 counsel is directed to provide a proffer to the USAO by Monday, January 11, 2016.

16 **G. Henrikson's Second Motion to Change Venue, ECF No. 523**

17 Defendant Henrikson brings a second motion to change venue, asking the
18 Court to move the trial outside of the Eastern District of Washington.  This motion
19 is premature.  The Court reserves ruling on it until voir dire has been attempted in
20 Richland.

ORDER - 7

**H. Henrikson's Motion to Renew Motions Previously Filed, ECF No. 525**

Defendant Henrikson moves to renew three motions he already filed, ECF Nos. 265, 321, and 415. The Court ruled on all three of these motions by order dated December 22, 2015. ECF No. 571. This motion is denied.

**I. USAO's Motion to Reconsider Ruling on Symbology in Agent Banks' Charts, ECF No. 538**

The USAO asks the Court to reconsider its ruling excluding the symbol used by Agent Banks in her original exhibit to represent the orientation and left and right lateral limits of cellular antennae coverage. Defendant Henrikson responds that the Court was correct when it originally concluded that the symbol was confusing.

The symbol at issue is not inherently confusing. As long as Agent Banks explains the significance of the symbol and tells the jury the lines do not represent the reach of the antennae's coverage, the Court permits her to use this symbol in her exhibit. The USAO's motion for reconsideration is granted.

**J. USAO's Unopposed Motion for Protective Order, ECF No. 562**

The USAO asks the Court to enter a protective order in this case restricting Defendant Henrikson's personal access to the materials supporting Agent Banks' testimony that the Court ordered it to produce at the last pretrial conference.

District Courts have authority to enter protective orders for good cause in criminal cases. Fed. R. Crim. Proc. 16(d)(1). The USAO explains that much of the

ORDER **-** 8

training materials relates to ongoing cases or cases that are related to ongoing cases. Accordingly, the USAO asks the Court to permit it to make the materials available for viewing by defense counsel in the USAO offices. Defendant Henrikson does not object.

The Court finds good cause exists to grant the unopposed motion for protective order.

Accordingly, **IT IS HEREBY ORDERED**:

1. USAO's Motion to Conditionally Admit Evidence and Compel Reciprocal Discovery, **ECF No. 325**, is **RESET** to the January 11, 2016 pretrial conference.

2. USAO's Motion to Admit Evidence Regarding the Escape Attempt by James Henrikson on or about August 21, 2015, ECF No. 464, is **DENIED as moot**.

3. Defendant Henrikson's Supplemental Motion in Limine, **ECF No. 511**, is **GRANTED in part** (as to subparts a and f) and **DENIED in part** (as to everything else).

4. Defendant Henrikson's Motion in Limine re Plea, **ECF No. 513**, is **GRANTED**.

5. Defendant Henrikson's Motion to Compel Discovery, **ECF No. 514**, is **GRANTED**.

ORDER **-** 9

**6.** Defendant Henrikson's Motion to Compel Addresses of Witnesses, **ECF No. 516**, is **DENIED as moot**.

**7.** Defendant Henrikson's Motion to Compel the Government to Disclose Current Witness List, **ECF No. 518**, is **DENIED as moot**.

**8.** Defendant Henrikson's Motion to Amend Witness List, **ECF No. 520**, is **GRANTED**.

   *A.* Defense counsel shall provide summaries of the new witnesses' anticipated testimony to the USAO by **Monday, January 11, 2016**.

**9.** Defendant Henrikson's Second Motion to Change Venue, **ECF No. 523**, is **RESERVED** pending the outcome of voir dire in Richland.

**10.** Defendant Henrikson's Motion to Renew Motions Previously Filed, **ECF No. 525**, is **DENIED**.

**11.** USAO's Motion to Reconsider Ruling on Symbology in Agent Banks' Charts, **ECF No. 538**, is **GRANTED**.

//
//
//
//
//

ORDER - 10

**12.** USAO's Unopposed Motion for Protective Order, **ECF No. 562**, is **GRANTED**.

*A.* The Court adopts the Protective Order at **ECF No. 562-1**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of January 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge