FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 25, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>      v.<br><br>JAMES TERRY HENRIKSON,<br><br>               Defendant. | No.   2:14-CR-0124-SMJ-1<br><br>**EIGHTH PRETRIAL ORDER** |

A pretrial conference occurred in the above-captioned matter on January 11, 2016.  Assistant U.S. Attorneys Aine Ahmed and Scott Jones appeared on behalf of the U.S. Attorney's Office (USAO). Defendant Henrikson appeared in the custody of the U.S. Marshals.  Mark Vovos and Todd Maybrown appeared on behalf of the Defendant.  This Order memorializes and supplements the Court's oral rulings.

The United States filed a Motion for Reconsideration of Prior Ruling, ECF No. 586.  In it, the Government asks the Court to reconsider its September 22, 2015 ruling excluding Peyton Martin's testimony that the Defendant was ill while they were together in Chicago.  At the September 22, 2015, hearing, defense counsel pointed out that it was possible that Henrikson became sick after eating dinner at Morton's Steakhouse and noted that evidence indicating that Henrikson ingested a

drug was highly prejudicial.  This Court excluded this evidence on the ground that it was substantially more prejudicial than probative of anything.  ECF No. 571 at 20–21.

Prior to filing this motion, the Government re-interviewed Peyton Martin. According to the Government, at this recent interview Martin was adamant that Henrikson became ill prior to going to dinner.  The Government asks the Court to permit Martin to testify that, while they were in Chicago, he became sick.  The Government wants this testimony admitted because it will corroborate the testimony of Delao and Bates.  Delao and Bates were also in Chicago, and they will testify that Henrikson became sick after ingesting some of the China White heroin they purchased.

Motions for reconsideration are disfavored.  The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.  Local Crim. R. 12(c)(5).

When the Court originally ruled on this motion, it was not clear that Martin would testify only that Henrikson was ill, not that he became ill after ingesting drugs.  This is significant.  The fact that Martin will not testify to the cause of the illness mitigates against the potential prejudice.  Accordingly, the Court grants the Government's motion for reconsideration.

*Jury selection.* The Court notified the parties that it intends to conduct jury selection in two parts. On the first day, the Court will individually question the jurors who responded to the jury questionnaire that they knew details about the case. On the second day, the entire venire will appear for general questioning. Only when all jurors are present will the Court assign juror numbers.

At a previous hearing, defense counsel asked the Court to give the potential jurors a supplemental questionnaire that describes the crime in detail in order to jog the jurors' memory. Defense counsel was concerned that the original questionnaire is too vague and that more jurors have knowledge of the case. The original questionnaire was designed to be vague. But at this time, the Court recognizes the value of being more specific. Accordingly, it considered the supplemental questions proposed by defense counsel, and proposed the following question to hand out to the entire venire on the first day of trial:

> This case involves charges related to a murder in the North Dakota oil fields in February of 2012 and a home invasion murder of a man on the South Hill in Spokane on December 15, 2013. Tell us everything you believe you have heard about this case, even if you are not sure it's true. **Do not discuss your answer to this question with your fellow prospective jurors.**

ECF No. 598 (emphasis in original). At this hearing, the Government told the Court it did not object to this question. Potential jurors who report that they know about the case in response to this question will also be questioned on the first day.

ORDER - 3

*Oral motion to exclude recorded interviews.*  Defense counsel is directed to submit a written motion on this issue that the Court will consider at the final pretrial conference.

*Jury instructions & verdict form.*  Neither party objected to the proposed preliminary instructions or the proposed verdict form filed by the Court.  The parties had a number of proposed edits to the final instructions.  The Court will take these under advisement and incorporate them into later drafts of the final jury instructions.

*Voir dire timing.*  The Government requested at least 30 minutes for general questioning.  Defense counsel requested 90 minutes or 2 hours.  The Court informed the parties that it had 1 hour in mind, but would take into account the parties requests and revisit the issue on the first day of trial.

*Witness list.*  The parties agreed that, on Fridays, the Government will send defense counsel a list of witnesses it intends to call the following week.

//

//

//

//

//

//

//

ORDER - 4

Accordingly, **IT IS HEREBY ORDERED**:

1.     USAO's Motion to Conditionally Admit Evidence and Compel Reciprocal Discovery, **ECF No. 325**, is **RESET** to the January 25, 2016 pretrial conference.

2.     USAO's Motion for Reconsideration of Prior Ruling, **ECF No. 586**, is **GRANTED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of January 2016.

SALVADOR MENDOZA, JR.
United States District Judge