MARK E. VOVOS, #4474
1309 West Dean, Suite 100
Spokane, WA 99201
(509) 326-5220

TODD MAYBROWN, #18557
600 University Street, Suite 3020
Seattle, WA 98101
(206) 447-9681

*Attorneys for James Terry Henrikson*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | NO. CR-14-00124-SMJ-1 |
| Plaintiff, | ) | |
| vs. | ) | Defendant's Renewed Motion for |
| | ) | a Judgment of Acquittal or, in the |
| James Terry Henrikson, | ) | Alternative, a New Trial |
| | ) | |
| Defendant. | ) | **Set for: Tues., 04/26/16 @ 9:30 a.m.** |
| | ) | **Spokane, Washington** |

## I.    INTRODUCTION

COMES NOW, the defendant James Terry Henrikson, by and through his undersigned attorneys, and hereby renews his motion for a judgment of acquittal

DEFENDANT'S RENEWED MOTION
FOR A JUDGMENT OF ACQUITTAL
OR, IN THE ALTERNATIVE, A NEW
TRIAL - 1.

**Allen, Hansen Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

[Dkt. # 749]. In the alternative, this Court should grant a new trial. This motion is based upon the record and the evidence produced during trial.

## II.   LEGAL BACKGROUND

Fed.R.Crim.P. 29(c) provides that a defendant may move for judgment of acquittal, or renew such a motion, after a verdict of guilty. The standard for evaluating a Rule 29 motion is the same as the due process standard used in evaluating whether the evidence is sufficient to sustain the verdict: whether viewing all the evidence in the light most favorable to the government, any rational juror could find the defendant guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

> Although *Jackson* requires the reviewing court initially to construe all evidence in favor of the government, the evidence so construed may still be so supportive of innocence that no rational juror could conclude that the government proved its case beyond a reasonable doubt.

*United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) *(en banc)*. "[E]vidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case." *Id.*

DEFENDANT'S RENEWED MOTION
FOR A JUDGMENT OF ACQUITTAL
OR, IN THE ALTERNATIVE, A NEW
TRIAL - 2.

**Allen, Hansen Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

Under a Rule 29 motion, the evidence must be viewed in the light most favorable to the government.  *See, e.g., United States v. Johnson*, 229 F.3d 891, 894 (9th Cir. 2000).   However, a district court's power to grant a motion under Fed.R.Crim.P. 33  motion for new trial is *1064 "much broader" than its power to grant a motion for judgment of acquittal. *See United States v. Kellington,* 217 F.3d 1084, 1097 (9th Cir. 2000).  "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in doing so evaluate for itself the credibility of the witnesses." *United States. Alston,* 974 F.2d 1206, 1211 (9th Cir. 1992) (*quoting United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir. 1980)).  "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Alston*, 974 F.2d at 1211-12.  Rule 33 specifically states that "the court may grant a new trial . . . ***if the interests of justice so require***." *Id.* (emphasis added). *See generally United States v. Bell,* 584 F.3d 478, 483 (2d Cir. 2009).

DEFENDANT'S RENEWED MOTION FOR A JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, A NEW TRIAL - 3.

**Allen, Hansen Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

### III.  RENEWAL OF MOTION UNDER RULE 29

James Henrikson now renews his Rule 29 motion of acquittal as to all counts. *See ECF 749.* Considering all reasonable inferences in favor of the government, the testimony in this case did not constitute sufficient evidence to sustain a conviction as to the charges in this case, most particularly the "murder-for-hire" allegations set forth in Counts 1, 2, 3, 7 and 8. It is the defendant's position that no rational trier of fact can find all of the essential elements of the charged offense(s) beyond a reasonable doubt. *See, e.g., United States v. Carranza*, 289 F.3d 634, 641 (9th Cir. 2002).

Should the Court grant this motion, it must also "conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed." Rule 29(d)(1). *See generally United States v. Navarro Viayra*, 365 F.3d 790, 793 (9th Cir. 2004). Should the Court deny the motion, it should consider the defendant's alternative motion under Rule 33.

### III.  MOTION FOR NEW TRIAL

When deciding a motion for new trial under this rule, the district court may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. *See, e.g., United States v. Bordeaux*, 570 F.3d 1041, 1048 (8th Cir.

DEFENDANT'S RENEWED MOTION
FOR A JUDGMENT OF ACQUITTAL
OR, IN THE ALTERNATIVE, A NEW
TRIAL - 4.

**Allen, Hansen Maybrown**
**& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

2009); *United States v. Ward*, 274 F.3d 1320 (11th Cir. 2001). Here, the Government presented testimony from witnesses with extraordinary credibility problems.

The testimony of the defendant's co-defendants, Timothy Suckow and Robert Delao, was particularly unbelievable. In fact, this Court has recently concluded that the Government's key witness, Mr. Delao, had presented false (and intentionally misleading) testimony the last time he testified for the prosecution in a criminal proceeding. Given the late disclosure of these events, the defense was limited in its ability to demonstrate Delao's mendacities to the jury in this trial. And, remarkably, the government took pains to claim that Delao had not previously lied in those prior proceedings.

The government also presented testimony from three witnesses (Sarah Creveling, George Dennis, and Ryan Oleness) who were currently under indictment in other federal courts.[1] The testimony of these witnesses was not worthy of belief. Finally, the government presented testimony from several

---

[1] Mr. Dennis has been charged with lying to federal investigators during the course of this same investigation, although he testified that he had no idea why he had been charged with that crime and the government objected when defense counsel asked the witness if he had, in fact, committed that offense.

DEFENDANT'S RENEWED MOTION
FOR A JUDGMENT OF ACQUITTAL
OR, IN THE ALTERNATIVE, A NEW
TRIAL - 5.

**Allen, Hansen Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

witnesses (such as Justin Beeson and Ashley Goodfellow) who needed to curry favor with the prosecutors for fear that they could face charges in the future.

## V.  CONCLUSION

For all of these reasons, and in the interests of justice, this Court should grant the defendant's motion for a judgment of acquittal. In the alternative, the Court should grant a new trial.

DATED this 24th day of March, 2016.

/s/ Todd Maybrown
Todd Maybrown
Attorney for James Henrikson


/s/ Mark Vovos
Mark Vovos
Attorney for James Henrikson

DEFENDANT'S RENEWED MOTION FOR A JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, A NEW TRIAL - 6.

**Allen, Hansen Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Aine Ahmed, AUSA and Scott Jones, AUSA.

*/s/ Mark E. Vovos*
Mark E. Vovos, #4474
Attorney for James Terry Henrikson
1309 West Dean Ave., Suite 100
Spokane, WA 99201
(509) 326-5220
mvovos@concentric.net