UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Respondent-Plaintiff,<br><br>　v.<br><br>JAMES TERRY HENRIKSON,<br><br>　　　　Petitioner-Defendant. | NO: 2:14-CR-0124-TOR-1<br><br>ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Petitioner-Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 1043. Petitioner-Defendant is proceeding *pro se*. The United States filed its Response. ECF No. 1050. Petitioner-Defendant filed a Reply. ECF No. 1054. The Court has reviewed the record and files herein, the completed briefing, and is fully informed.

## BACKGROUND

On September 16, 2014, Defendant, along with others, was indicted for 11-crimes: Murder-for-Hire, counts 1 and 2; Conspiracy to Commit Murder-for-Hire, counts 3, 4, 5, and 6; Solicitation to Commit Murder-for-Hire, counts 7, 8, 9, and

ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 1

10; and Conspiracy to Distribute Heroin, count 11.  ECF No. 17.  On February 25, 2016, a jury found Defendant guilty of all 11 counts in the Indictment.  ECF No. 761.

On May 24, 2016, Defendant was sentenced to "A term of life with respect to Count 1, a term of life with respect to each of Counts 2 and 3, concurrent with each other, but consecutive with Count 1; 10 years with respect to each of Counts 4, 5, and 6 to run concurrently with each other, but consecutive to Count 1, and Counts 2 and 3; 20 years with respect to Count 7, to run concurrently with Count 1; 20 years with respect to Count 8, to run concurrently with Counts 2 and 3; 5 years on each of Counts 9 and 10, to run concurrently with Counts 4, 5, and 6; and 10 years on Count 11, to run consecutively with Counts 1, 2, 3, 4, 5, and 6.  ECF No. 863.

The parties are familiar with the lengthy facts of this case and the Court will not recite them here.  On April 18, 2023, Defendant filed the instant motion seeking an evidentiary hearing, vacation of counts 7 through 10, and a *de novo* resentencing hearing.  ECF No. 1043.

**DISCUSSION**

The Court finds that the issues raised do not require an evidentiary hearing. *See* Rule 8, Rules—Section 2255 Proceedings.  The transcripts, records and materials filed in this proceeding adequately document the issues for resolution.

**A. Motion to Vacate, Set Aside or Correct Sentence**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges a sentence of incarceration: (1) "that the sentence was imposed in violation of the Constitution of laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The Supreme Court has repeatedly interpreted this to encompass only errors that constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). While the remedy is in this sense comprehensive, it does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Generally, motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). However, the statute also authorizes filing within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4).

ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 3

Defendant contends that he is actually innocent of Counts 7 through 10 based on new case law and therefore his petition is timely. The Government agrees that to the extent he may be "actually innocent" of Counts 9 and 10, it does not invoke either the statute of limitations or a procedural default defense. ECF No. 1050 at 11, n.9.

**B. Solicitation of a Crime of Violence (Counts 9 and 10)**

In *United States v. Linehan*, 56 F.4th 693 (9th Cir. 2022), the Ninth Circuit ruled that soliciting the commission of a crime of violence in violation of 18 U.S.C. § 373, specifically a violation of 18 U.S.C. § 1958 (murder for hire), is not a crime of violence. In *Linehan* and in *Gregorczyk v. United States*, 142 S. Ct. 2580 (2022), the Government conceded that pure solicitation is not a crime of violence.

Here, the Government concedes that Counts 9 and 10 were mere solicitations that did not result in death or injury to the victims. Accordingly, the Government agrees that *Linehan* controls and Defendant is innocent of Counts 9 and 10 as charged.

**C. Solicitation of a Crime of Violence Resulting in Death (Counts 7 and 8)**

In *Linehan*, the Ninth Circuit expressly left the question open as to whether the aggravated offenses of § 1958(a)—which impose longer terms of imprisonment

if personal injury or death results—should be treated differently, citing *United States v. Runyon*, 994 F.3d 192, 201-03 (4th Cir. 2021).

In *Runyon* the issue was whether conspiracy to commit murder for hire in violation of 18 U.S.C. § 1958(a) was a crime of violence. The *Runyon* Court explained:

> Whether conspiracy to commit murder for hire in violation of § 1958(a) is a crime of violence merits a fuller discussion. This inquiry requires us to consider the elements of the offense and whether a conviction under those elements necessarily requires the "use" of physical force within the meaning of the force clause.

Section 1958(a) provides that:

> Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce,
>
> with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value,
>
> or who conspires to do so,
>
> shall be fined under this title or imprisoned for not more than ten years, or both;
>
> and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both;
>
> and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 5

> 18 U.S.C. § 1958(a) (emphasis added) (spaces between clauses added).
>
> Because § 1958(a) imposes distinct enhanced penalties in circumstances where "personal injury results" or where "death results," those are alternative elements for conviction that must be proven to the jury beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements"); *see also Burrage v. United States*, 571 U.S. 204, 210, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014) ("Because the 'death results' enhancement increased the minimum and maximum sentences to which [the defendant] was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt").

*Runyon*, 994 F.3d at 201-02.

> While conspiracy alone does not necessarily implicate the use of force, conspiracy in the context of the § 1958 offense at issue is different because it has heightened *mens rea* elements, as well as the element that "death results." As already noted, an act that results in death obviously requires "physical force."

*Runyon*, 994 F.3d at 203 (citations omitted).

Here, a review of the Indictment (ECF No. 17), the jury instructions (ECF No. 755 at Instr. 34 and 38), and the jury's verdict (ECF No. 761 at 4-5), all show that both victims were murdered as charged and proved in Counts 7 and 8. Thus, an element of the offense charged involved a crime of violence and the Government proved that element.

Accordingly, Defendant has not established a constitutional violation or other right to relief with respect to Counts 7 and 8.

ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 6

**D. Remedy**

Defendant seeks a *de novo* resentencing hearing. ECF No. 1043. Defendant received sentences of 5 years on each of Counts 9 and 10, to run concurrently with Counts 4, 5, and 6. The 10-year sentences for Counts 4, 5, and 6 were imposed concurrently to each other and consecutively to the life sentence imposed in Count 1 and the consecutive life sentence imposed in Counts 2 and 3.

Thus, even though Defendant received a sentence of 5-years in prison for Counts 9 and 10, they are running concurrently with Counts 4, 5, and 6, which do not even begin to run until Defendant serves his two consecutive life terms on Counts 1, 2, and 3.

As a general rule, "§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Section 2255 allows a federal prisoner claiming that his sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

Defendant contests the use of the "concurrent sentence doctrine" to his case. He contends that *United States v. De Bright*, 730 F.2d 1255 (9th Cir. 1984) rejected the doctrine for all future cases. However, *De Bright* was a direct appeal case, not a § 2255 collateral attack. The Supreme Court has also rejected the

concurrent sentence doctrine in a direct appeal case. *Ray v. United States*, 481 U.S. 736 (1987). Thus, the concurrent sentence doctrine is discretionary when applied to a § 2255 collateral attack. *See also Amaya v. United States*, 71 F.4th 487 (6th Cir. 2023)

Whether or not the concurrent sentence doctrine would otherwise apply to this case, Defendant will not be released by the vacation of the convictions concerning Counts 9 and 10. Accordingly, the Court will enter an Amended Judgment.

### E. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Petitioner-Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 1043) is **GRANTED in part and DENIED in part.**

2. Defendant's convictions on Counts 9 and 10 are **VACATED**. The Court will enter an Amended Judgment reflecting such.

3. Defendant's challenge to Counts 7 and 8 are untimely and substantively **DENIED**.

4. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and the Amended Judgment and furnish copies to the parties. This file and the corresponding civil file (2:23-CV-0104-TOR) shall be **CLOSED**.

DATED August 16, 2023.

THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 9